Cesar MONTES-ROBLES, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 13-73983

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 15, 2017

Navid David Shamloo, Esquire, Attorney, Portland, OR, for Petitioner

Andrew B. Insenga, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

## MEMORANDUM **

Cesar Montes-Robles, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Montes-Robles' contentions that the IJ violated his due process rights because he did not raise these claims to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

Substantial evidence supports the agency's determination that Montes-Robles failed to establish eligibility for cancellation of removal where the record indicates that he accepted voluntary departure in lieu of removal proceedings, breaking his accrual of continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez,* 521 F.3d at 1117-18 (substantial evidence supported IJ's determination that petitioner voluntarily departed in lieu of facing removal proceedings); *see. also* 8 U.S.C. § 1229a(c)(4)(B) (petitioner bears the burden of showing eligibility). We reject Montes-Robles' contention that the BIA's analysis was insufficient.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.